Pennsylvania Environmental Management Services, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources et al., Respondents.

Argued June 5, 1985, before President Judge
CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE,
BARRY, COLINS and PALLADINO.

*Thomas A. Riley, Jr., Riley Law Associates, Inc.,*
with him, *Hershel J. Richman* and *Jane Massey
Licata, Cohen, Shapiro, Polisher, Shiekman and
Cohen,* for petitioner.

*Kenneth A. Gelburd,* Assistant Counsel, for re-
spondent.

*George A. Brutscher, Brutscher, Brutscher & Foley,* for intervenors, New Garden Township and Concerned Citizens of Southern Chester County.

*Janet M. Colliton,* Solicitor for intervenor, Chester County.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 14, 1986:

The Department of Environmental Resources (DER) denied an application by Pennsylvania Environmental Management Services, Inc. (PEMS), for a solid waste management permit to operate a landfill in New Garden Township, Chester County. PEMS appeals an Environmental Hearing Board (EHB) order upholding this denial. New Garden Township, Chester County, and Concerned Citizens of Southern Chester County intervene opposing the permit.

PEMS' application was originally denied by DER, pursuant to the Pennsylvania Solid Waste Management Act (1968 Act),[1] because the landfill would create a hazard by attracting foraging birds into the flight path of small planes using the nearby New Garden Flying Field. PEMS appealed that denial to EHB. EHB reversed, holding that PEMS had established that it was capable of controlling the "bird strike" hazard, and remanded to DER retaining jurisdiction.

DER then began a re-evaluation of the application. It required PEMS to answer (1) a compliance history questionnaire to enable DER to perform its duties under Sections 503(c) and (d) of the *newly passed*

---

[1] Act of July 31, 1968, P.L. 788, *as amended, formerly* 35 P.S. §§6001-6017, repealed by Section 1001 of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §6018-.1001.

Solid Waste Management Act (1980 Act)[2] and (2) a questionnaire enabling DER to conduct an Environmental Assessment Process (EAP) in order to render a decision, balancing environmental and social concerns pursuant to PA. CONST. art. I, §27,[3] which would pass the three-pronged test set forth in *Payne v. Kassab*, 11 Pa. Commonwealth Ct. 14, 312 A.2d 86 (1973), *aff'd*, 468 Pa. 226, 361 A.2d 263 (1976).[4] PEMS challenged the propriety of this re-evaluation through a petition to EHB for a determination of the applicable law and scope of the remand. In response, EHB held that the scope of the remand was initially for DER's determination.

On remand, PEMS' application was again denied by DER, this time pursuant to the 1980 Act[5] and PA.

---

[2] 35 P.S. §6018.503(c) and (d).

[3] This section states:

The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

[4] This Court stated:

Judicial review of the endless decisions that will result from such a balancing of environmental and social concerns must be realistic and not merely legalistic. The court's role must be to test the decision under review by a threefold standard: (1) Was there compliance with all applicable statutes and regulations relevant to the protection of the Commonwealth's public natural resources? (2) Does the record demonstrate a reasonable effort to reduce the environmental incursion to a minimum? (3) Does the environmental harm which will result from the challenged decision or action so clearly outweigh the benefits to be derived therefrom that to proceed further would be an abuse of discretion?

*Payne*, 11 Pa. Commonwealth Ct. at 29-30, 312 A.2d at 94.

[5] 35 P.S. §§6018.101-1003.

CONST. art. I, §27. DER listed as reasons: (1) PEMS' refusal to answer Question 8 of DER's compliance history questionnaire, concerning compliance with federal and out-of-state laws, (2) the application's failure to address the risk of harm from, and prevention of, a major leachate[6] spill or discharge from the landfill into the adjoining White Clay Creek which, in addition to being a high water quality trout stream, is used for biological research and (3) the application's failure to address the inadequacy of proposed approach routes for trucks transporting waste to the site. Although PEMS did not appeal it, EHB conducted hearings on the second denial. EHB affirmed this denial. In its decision, EHB additionally considered the proposed landfill's impact (1) on a neighboring inn, nearby residences and an interstate highway, due to its visibility and (2) on nearby fruit orchards and the major local mushroom industry. EHB found that the issue of PEMS' failure to answer Question 8 of DER's compliance history questionnaire was moot because, during EHB's hearings concerning the second denial, sufficient evidence was adduced to answer the question.

Our scope of review of EHB decisions is limited to determining whether constitutional rights have been violated, an error of law has been committed or any necessary finding of fact is unsupported by substantial evidence. *A. H. Grove & Sons, Inc. v. Department of Environmental Resources,* 70 Pa. Commonwealth Ct. 34, 452 A.2d 586 (1982).

_____

[6] Leachate is a liquid waste resulting from the interaction of water or other liquids containing dissolved or suspended solid matter which is deleterious, injurious, or hazardous to the waters of this Commonwealth, the general public, or the environment. 25 Pa. Code §75.1.

PEMS contends that DER committed an error of law in its application of the third prong of the *Payne* test. We agree.[7]

The third prong of the *Payne* standard is the *final* test of whether a decision has adequately balanced environmental and social concerns as required by PA. CONST. art. I, §27. It requires a reviewing court to inquire whether "the environmental harm which will result from the challenged decision or action [to allow a project] so clearly outweigh[s] the benefits to be derived therefrom that to [allow such project to] proceed further would be an abuse of discretion." In other words, DER abuses its discretion if it *allows* a project to proceed where the harm clearly outweighs the benefits. In this case, where DER *disallowed* PEMS' landfill, it follows logically that DER has abused its discretion if the benefits clearly outweigh the harm.[8]

In its decision upholding DER's second denial of PEMS' application, EHB admitted that there is an "urgent need" for landfills in the region covering the proposed site. However, EHB concluded that there is *no benefit* to be derived by siting a landfill at the proposed location because that particular *site* is *not* critical to the needs of the region. This site-specific

---

[7] Due to our resolution of this legal question, we need not presently address PEMS' other arguments.

DER moves to quash PEMS' petition for review because PEMS did not (1) appeal DER's second denial and (2) strictly conform to the requirements for briefs, found in Pa. R.A.P. 2111, 2114-2118. We deny this motion because (1) EHB *retained jurisdiction* of the remand which resulted in the second denial and (2) PEMS filed a conforming amended brief.

[8] This is so because PA. CONST. art. I, §27 *mandates a balancing* of environmental and social concerns. To adopt the only other possible interpretation, that DER may *disallow* a project in its discretion no matter how great the benefits or small the harm, would run contrary to the constitutional mandate.

interpretation of the benefits to be considered is untenable because (1) there *is a benefit* in that the region would receive an urgently needed landfill and (2) the alleged unsuitability of the site is a factor to be considered in determining the harm to the environment, not the benefit from the landfill. We hold that DER must *balance* the regionwide benefits which would result from operation of the urgently needed landfill against the environmental harm it threatens.

It would be inappropriate for us to presently review DER's factual determinations, made pursuant to its *incorrect* application of the third prong of the *Payne* test. We therefore vacate the EHB's order and remand this case for further fact-finding proceedings *properly* balancing the environmental and social concerns pursuant to *Payne.*[9]

---

[9] For the purposes of remand for proper balancing, it is appropriate to dispose of several of PEMS' related contentions.

PEMS argues that neither the private business interests of private landowners (the mushroom farmers, fruit orchard owners and neighboring Innkeeper) nor the adequacy of public roads to the landfill fall under the protections afforded by PA. CONST. art. I, §27. We hold that (1) the agricultural value of nearby lands to the mushroom farmers and fruit orchard owners is appropriately considered among the "natural . . . values of the environment" to which the "people have a right" under PA. CONST. art. I, §27 and (2) the impact of the landfill's visibility upon the neighboring Innkeeper, as well as nearby residences and U.S. Route 1, is appropriately considered with respect to the "scenic . . . and esthetic values of the environment" under that provision. We further hold that the adequacy of public roads to the landfill must be considered at least to the extent necessary to "conserve and maintain" the existing "public natural resources" as mandated by our Constitution.

PEMS also argues that *only* if a natural, scenic, historic, or esthetic resource is *identified* through DER's pre-EAP questionnaire is the application subject to further scrutiny; the "balancing" required by the third prong of the *Payne* test. This argument misconstrues the law. In *Payne*, this Court held that initial decisions, in cases with environmental implications, must *always* contain a

Vacated and remanded.

## ORDER

The order of the Environmental Hearing Board, Docket No. 79-153M dated May 29, 1984, is vacated and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

Judge ROGERS did not participate in the decision in this case.

Judge PALLADINO dissents.

---

balancing of environmental and social concerns. Specifically, it recognized that:

> [D]ecision makers will be faced with the *constant* and difficult task of *weighing* conflicting environmental and social concerns in arriving at a course of action that will be expedient as well as reflective of the high priority which constitutionally has been placed on the conservation of our natural, scenic, esthetic and historical resources.

*Payne*, 11 Pa. Commonwealth Ct. at 29, 312 A.2d at 94 (emphasis added). The "threefold standard" set forth in *Payne* is only to be used by the reviewing court to "test [the *adequacy* of the balancing in] the decision under review." *Id.*